```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ABDUL-SHAHID F. MUHAMMAD, also known :
as PAUL SIMMONS, Inmate #12038,     :
[also known by ID No. 8950800471],  :      08 Civ. 2825(JSR)
                                    :
            Plaintiff,              :           ORDER
                                    :
         -v-                        :
                                    :
PEG HEALY, Acting Chief of          :
Administration, Mid-Hudson Forensic :
Psychiatric Center, State of New    :
York Office of Mental Health,       :
                                    :
            Defendant.              :
------------------------------------x
```

[Stamp: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: _____ / DATE FILED: 4-14-08]

JED S. RAKOFF, U.S.D.J.

In a Complaint mailed to the Court's Pro Se Office on February 22, 2008, pro se plaintiff Abdul-Shahid F. Muhammad (also known as Paul Simmons), presently a prisoner at Rikers Island, complains that Mid-Hudson Forensic Psychiatric Center, where he was previously housed, has not made adequate provision for a Muslim cleric to conduct a Friday congregational worship service. On March 13, 2008, Chief Judge Wood granted plaintiff's request to proceed in forma pauperis. However, it now appears that plaintiff may not actually qualify for such status.

At paragraph VI of his Complaint, plaintiff says that he has filed three other lawsuits in our Court: (1) Simmons v. Cranston, 07 Civ. 3241(RJH)(MHD), (2) Muhammad v. Horn, 07 Civ. 8112(KMW), (3) Simmons v. Horn, 07 Civ. 9798(CM), and that he plans to file two more: (4) Narish v. Commanding Officer, and (5) Simmons v. Muhammad. Over the years, moreover, plaintiff has filed many other § 1983 cases in this Court, using his former prisoner identification number of 00-

A-2331 but the following different variations of his names: Shahid Muhammad, Abdul-Shahid R., Abdul-Shahid R. Farrakhan-Muhammad, Minister Abdul-Shahid Farrakhan Muhammad, Abdul Shahio Farrakhan Muhammad, A. Shahid Muhammad, Minister Robert Muhammad, Paul Farrad Simmons, and Paul Tyrus Simmons.

At least five of those actions were dismissed for failure to state a claim upon which relief may be granted. Each of those dismissals qualifies as a strike under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The cases that constitute the five strikes are:

1. Shahid Muhammad v. Staves, 93 Civ. 2318(CLB), dismissed on April 12, 1993, because it "lacks an arguable basis either in law or in fact." See Docket Item #2, p. 2.

2. Abdul-Shahid R. v. U.S.A., 95 Civ. 2279(TPG), dismissed on April 6, 1995, because plaintiff failed to present a cognizable claim under § 1983. See Docket Item #3, pp. 2-3.

3. Abdul-Shahid F. Muhammad v. Soto, 96 Civ. 4244(TPG), dismissed on June 10, 1996, because "these three actions, filed in forma pauperis under 28 U.S.C. § 1915(a), ... 'lack[] an adequate basis in either law or in fact." See Docket Item #3, pp. 8-9.

4. Paul Simmons v. Travis, 98 Civ. 3033(TPG), dismissed on April 30, 1998, because plaintiff failed to present a cognizable claim under § 1983. See Docket Item #6, pp. 6-9.

5. Minister Abdul-Shahid Farrakhan Muhammad v. NYC Dept. of Corrections, 99 Civ. 838(TPG), dismissed on February 4, 1999,

pursuant to 28 U.S.C. § 1915(e)(2) "as it 'lacks an adequate basis in either law or in fact,' <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), because it is barred by <u>res judicata</u>." <u>See</u> Docket Item #4, pp. 7-8.

The "three strikes" provision of the PLRA provides that an incarcerated person cannot proceed <u>in forma pauperis</u> if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). (In the case at bar, plaintiff does not allege that he was under imminent danger of serious physical injury.) If the requirements of § 1915 are not satisfied, the Court can revoke an inmate's <u>in forma pauperis</u> status that may have been previously granted. <u>See</u> <u>Polanco v. Hopkins</u>, 510 F.3d 152 (2d Cir. 2007) (<u>per curiam</u>).

Based on the foregoing, the Court directs plaintiff to show cause by affirmation, to be mailed to this Court by no later than May 2, 2008, (a) why the Court should not revoke plaintiff's <u>in forma pauperis</u> status in 08 Civ. 2825, and (b) why plaintiff should not be barred, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), from filing this case or any future civil actions in our Court <u>in forma pauperis</u> as a prisoner. For plaintiff's convenience, the Court has attached an Affirmation Form to this Order. Plaintiff

3

should complete the Affirmation Form and mail it to the Court's Pro Se Office with a post-mark of no later than May 2, 2008.

Further, the Court directs plaintiff to attach a copy of this Order to any Complaint and/or petition that he may hereafter submit to this Court or any other federal court.

Nothing in this Order shall preclude plaintiff from paying the full filing fee to bring a new civil action in this Court or in any other federal court. However, although § 1915(g) does not preclude plaintiff from filing future civil actions upon full payment of the requisite filing fee, plaintiff is warned that a person who files fee-paid civil actions that are dismissed for the reasons specified in § 1915(g) may be barred from filing *any future action* without first obtaining leave of Court, pursuant to the Court's powers under 28 U.S.C. § 1651(a). See MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); In re Hartford Textile Corp., 613 F.2d 388, 390-91 (2d Cir. 1979) (per curiam).

The Court certifies that any appeal from this Order would not be taken in good faith, as petitioner's claim lacks any arguable basis in law or fact, and therefore permission to proceed in forma pauperis on any such appeal is denied. See 28 U.S.C. § 1915(a)(3); see also Seimon v. Emigrant Savs. Bank (In re Seimon), 421 F.3d 167, 169 (2d Cir. 2005).

The Court hereby withdraws its March 28, 2008 Order of Reference to Magistrate Judge Eaton.

SO ORDERED.

4

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       April 11, 2008

Copies of this Order were mailed on this date to:

Abdul-Shahid F. Muhammad
a/k/a Paul Simmons
ID No. 8950800471
A.M.K.C. (C-95)
18-18 Hazen Street
East Elmhurst, New York 11370

Chief Judge Wood (for informational purposes only)

Judge Holwell (for informational purposes only)

Judge McMahon (for informational purposes only)

Pro Se Office (for informational purposes only)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ABDUL-SHAHID F. MUHAMMAD
also known as PAUL SIMMONS, Inmate #12038,    08 Civ. 2825(JSR)
[also known by ID No. 8950800471],
                              Plaintiff,           PLAINTIFF'S
                                                   AFFIRMATION
            -against-

PEG HEALY, Acting Chief of Administration,
Mid Hudson Forensic Psychiatric Center,
State of New York Office of Mental Health,

                              Defendant.
------------------------------------------X

STATE OF _____         }
COUNTY OF _____        } SS
```

I, _____, make the following affirmation under the penalty of perjury: I am the plaintiff in the above-referenced action and I respectfully submit this affirmation in response to this Court's order dated _____. I submit that (a) the Court should not revoke my *in forma pauperis* status in 08 Civ. 2825, and (b) the Court should not bar me, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), from filing any future civil action in this Court *in forma pauperis* as a prisoner, because:

_____

_____

_____

_____

_____

_____

[IF NECESSARY, YOU MAY ATTACH ADDITIONAL PAGES BETWEEN THIS PAGE AND THE SIGNATURE PAGE.]

In view of the foregoing, I respectfully submit that (a) the Court should not revoke my *in forma pauperis* status in 08 Civ. 2825, and (b) the Court should not bar me, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), from filing any future civil action in this Court *in forma pauperis* as a prisoner.


DATED: April \_\_\_\_, 2008

                                                _____
                                                Signature

                                                _____
                                                Print Your Name and ID Number

                                                _____
                                                Address

                                                _____
                                                City, State & Zip Code