```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
ABDUL-SHAHID F. MUHAMMAD
also known as PAUL SIM            te #12038,
[also known by ID No.           ],
                                              08 Civ. 2825(JSR)(DFE)
            Plaintiff,
                                              REPORT AND
       -against-                              RECOMMENDATION TO
                                              JUDGE RAKOFF
PEG HEALY, Acting Chief of Administration,
Mid-Hudson Forensic Psychiatric Center,
State of New York Office of Mental Health,

            Defendant.
--------------------------------------X
```

DOUGLAS F. EATON, United States Magistrate Judge.

    On April 11, 2008, in *Muhammad v. Healy*, 08 Civ. 2825 (JSR)(DFE), Judge Rakoff directed plaintiff to show cause why his *in forma pauperis* status should not be revoked. On the same day, Judge McMahon issued a similar order to show cause in *Simmons v. Horn*, 07 Civ. 9798(CM).

    In both of the cases, the plaintiff is Abdul-Shahid F. Muhammad, also know as Paul Farrad Simmons. He is a *pro se* prisoner who at one point was being held at the Mid-Hudson Forensic Psychiatric Center. Judge Rakoff's order noted that the Complaint revealed only three previous lawsuits, but that plaintiff had actually filed many others, including at least five lawsuits that had been dismissed and constituted five "strikes" under the "three strikes" provision of 28 U.S.C. §1915(g).

    On April 25, 2008, in response to Judge Rakoff's order, plaintiff filed three documents:

    1. A short affirmation by plaintiff giving the caption for the *Muhammad v. Healy* case; this affirmation annexes two exhibits to show that plaintiff is not "Robert Muhammad." This responds to a very minor aspect of Judge Rakoff's order, which listed nine different names that plaintiff had used in lawsuits; plaintiff denies using only one of those names, "Minister Robert Muhammad." This is not crucial, since that name was not attached to any of the five "strikes" listed by Judge Rakoff.

2. A longer affirmation by plaintiff giving a combined caption for both cases; at ¶3, he discusses the five lawsuits that Judge Rakoff listed as "strikes." Plaintiff does not deny that they were dismissed; he merely alleges that he previously received no notice of this from the court (or, in two of the cases, from his volunteer attorneys at Gibson Dunn & Crutcher). He also annexes copies of (a) a new undocketed Complaint entitled *Simmons v. Former Captain/now Deputy Warden Muhammad* [no relation], *et al.,* and (b) a new undocketed Complaint by Simmons and three other prisoners, entitled *Narish Miaram, et al. v. Horn, et al.*

3. A motion to withdraw the case at bar, *Muhammad v. Healy*, "without prejudice," on the grounds that "plaintiff will not be returning to the Mid-Hudson Forensic Psychiatric Center and that prosecuting this action may be deemed frivolous" because he is now at Rikers Island, which "provides a Friday Jumu'ah prayer service for all [M]uslims."

On May 7, 2008, Judge Rakoff referred the above-described documents to me.

In an order dated May 19, 2008 (copy annexed), Judge McMahon wrote that plaintiff's "commentary on the cases that were mentioned in the Order to Show Cause is, frankly, utter nonsense." She ruled that in 1993, 1995, 1996, 1998 and 1999, plaintiff accumulated five "strikes" pursuant to 28 U.S.C. § 1915(g). She revoked plaintiff's *in forma pauperis* status, and she wrote that the Clerk of Court should dismiss 07 Civ. 9798(CM) without prejudice, unless plaintiff pays the full $350 filing fee by July 21, 2008.

I have reviewed the reasons stated by plaintiff to support his claim that his *in forma pauperis* status should not be revoked, and I find them to be lacking in merit.

**I recommend that Judge Rakoff (a) reaffirm his ruling that plaintiff has at least three "strikes" under 28 U.S.C. § 1915(g), and (b) revoke plaintiff's *in forma pauperis* status. I also recommend that he grant plaintiff's motion to withdraw the Complaint in 08 Civ. 2825 (JSR)(DFE) without prejudice.** Since plaintiff makes clear that he no longer wishes to sue the officials of the Mid-Hudson Forensic Psychiatric Center, there is no need to give him an opportunity to keep the case open by paying the filing fee in a lump sum. Even if the case is dismissed and closed, the filing fee will continue to be collected from his prison commissary account in installments.

A ruling that plaintiff has three "strikes" carries the following consequence: plaintiff, so long as he is a prisoner, cannot file any future lawsuit unless (a) he pays the full filing fee, or (b) he demonstrates that he "is under imminent danger of serious physical injury" at the time the complaint is filed. *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (*per curiam*), upheld the constitutionality of 28 U.S.C. § 1915(g), and reaffirmed that "the imminent danger is evaluated at the time of filing and not the time of the events alleged in the complaint."

According to the Court's Pro Se Office, the Complaint of *Narish Miaram, et al.* has been received by that office and is undergoing judicial review. It will soon receive a docket number and be assigned to a judge of the Court, who will then rule on the issue of whether *in forma pauperis* status should be granted.

On the other hand, the Court's Pro Se Office has no record of having received the original of the Complaint in *Simmons v. Former Captain/now Deputy Warden Muhammad*. If plaintiff wishes to pursue that Complaint (or any other Complaint), he must submit the original papers to the Pro Se Office, in accordance with the procedures of our Court. Unless he encloses full payment of the $350 filing fee, he must submit with any Complaint (a) a copy of Judge McMahon's May 19, 2008 Order and (b) written reasons why he believes that he is, at the time he is mailing the Complaint to the court, "under imminent danger of serious physical injury."

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to my recommendations within 10 business days after being served with this Report (i.e. **no later than June 10, 2008**) by filing written objections with the Clerk of the U.S. District Court and mailing copies (a) to the opposing party, (b) to the Hon. Jed S. Rakoff, U.S.D.J. at Room 1340, 500 Pearl Street, New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street. Failure to file objections within 10 business days will preclude appellate review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e). Any request for an extension of time must be addressed to Judge Rakoff.

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007

-3-

Dated:    New York, New York
          May 21, 2008

Copies of this Report and Recommendation (and of Judge McMahon's 5/19/08 Order) are being sent by mail to:

Abdul-Shahid F. Muhammad
a/k/a Paul Simmons
ID No. ███████
A.M.K.C. (C-95)
18-18 Hazen Street
East Elmhurst, New York 11370

Hon. Jed S. Rakoff

Chief Judge Wood (for informational purposes only)

Judge Holwell (for informational purposes only)

Judge McMahon (for informational purposes only)

Pro Se Office (for informational purposes only)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────x

PAUL FARRAD SIMMONS (also known as Paul Farrad 2X
Simmons and Abdul-Shahid F. Muhammad), Inmate #12038,
ID ▮▮▮▮▮▮▮▮ (also known by ID No ▮▮▮▮▮▮▮▮),

           Plaintiff,                                        07 Civ. 9798 (CM)

        -against-

MICHAEL HORN, Commissioner, NYC
Department of Correction at 60 Hudson Street;
Acting Chief of Operations at George R. Vierno
Center, Riker's Island, NYC Department of Correction,

           Defendants.
──────────────────────────────────x

## ORDER REVOKING IN FORMS PAUPERIS STATUS

McMahon, J.:

      I have reviewed the response filed by plaintiff to this Court's April 14, 2008 Order to Show Cause why his in forma pauperis status should not be revoked.

      The response demonstrates no reason why the Court ought not apply the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), to plaintiff. As noted in the Order to Show Cause, plaintiff has accumulated, not three, but five strikes – five different lawsuits that have been dismissed for failure to state a claim.[1]

      The plaintiff's response is to insist that he is not Robert Muhammad. This court never said that he was. An action brought by one Minister Robert Muhammad that was dismissed for lack of standing by Chief Judge Wood (07 Civ. 811) – a copy of which is attached to the responsive affirmation – is not among the actions listed in this court's Order to Show Cause. Neither is an action before Judge Holwell, which plaintiff refers to as the Cranston case, 07 Civ. 3241. Plaintiffs' commentary on the cases that were mentioned in the Order to Show Cause is, frankly, utter nonsense.

      Plaintiff's in forma pauperis status is revoked. I will put this matter on suspense for sixty

---

[1] Actually, the five strikes cover a total of eight lawsuits, since then-Chief Judge Griesa dismissed three separate lawsuits under the docket number 96 Civ. 4244 and two separate lawsuits under the docket number 98 civ. 3033.

days. If plaintiff wishes to pay the filing fee in order to keep this case on the court's docket, he must do so by July 21, 2008. If plaintiff does not pay the filing fee by the date ordered by the Court, the Clerk of the Court should dismiss this action without prejudice.

Dated: May 19, 2008

*(signature)*

U.S.D.J.

BY FIRST CLASS MAIL TO:

    Paul Farrad Simmons, a/k/a Adbul-Shahid F. Muhammad
    █████
    AMKD- C-95,
    18-18 Hazen Street
    East Elmhurs, New York 11370

FOR INFORMATIONAL PURPOSES TO:

    Chief Judge Wood

    Judge Holwell

    Judge Rakoff

    Pro Se Office