```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ABDUL-SHAHID F. MUHAMMAD, also known :
as PAUL SIMMONS, Inmate #12038,      :
[also known by ID No. 8950800471],   :    08 Civ. 2825 (JSR)
                                     :
              Plaintiff,             :    MEMORANDUM ORDER
                                     :
         -v-                         :
                                     :
PEG HEALY, Acting Chief of           :
Administration, Mid-Hudson Forensic  :
Psychiatric Center, State of New     :
York Office of Mental Health,        :
                                     :
              Defendant.             :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-28-08

JED S. RAKOFF, U.S.D.J.

On April 11, 2008, the Court expressed the preliminary view that plaintiff had at least five "strikes" against him under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), see Order 4/11/08, and directed plaintiff to show cause why the Court should not, therefore, revoke plaintiff's in forma pauperis status under § 1915(g), which precludes such status to certain repeat filers. After reviewing plaintiff's response, on May 21, 2008, the Honorable Douglas F. Eaton, United States Magistrate Judge, issued a Report and Recommendation in the above-captioned matter recommending that the Court rule that plaintiff has three or more "strikes" against him that, under § 1915(g), requires revocation of plaintiff's in forma pauperis status.

Subsequently, by letter dated May 26, 2008, which will now be docketed, plaintiff submitted four objections. First, plaintiff contends that one of the cases cited as a "strike" should not be so considered because it was dismissed prior to the enactment of §

1915(g). The second and third objections argue that all five dismissals should not be considered "strikes" because, respectively, defendants were never served with the complaints and plaintiff never received notice of the receipt and filing of his complaints. Fourth, plaintiff objects to the classification of certain, unspecified, cases as "strikes" because the Honorable Loretta Preska of this Court allegedly erroneously told plaintiff that those cases would be consolidated with other cases. Accordingly, the Court has reviewed the underlying record de novo. The Court finds itself in complete agreement with Magistrate Judge Eaton's Report and Recommendation.

As to the first objection, the Court may consider cases dismissed prior to the enactment of § 1915(g) to be "strikes." Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000) (reading the language of § 1915(g) to mean that "pre-§ 1915(g)" dismissals may qualify as "strikes").

As to the second, third, and fourth objections, they attempt to disqualify "strikes" on the basis of alleged procedural flaws that took place after plaintiff's complaint had been submitted for filing, but the purpose of § 1915(g) is to deter even the submission of frivolous or repetitive complaints, such as those previously proffered by plaintiff. Therefore, in line with the objectives of § 1915(g), plaintiff's contentions, even if true, should not affect whether the relevant dismissals qualify as "strikes."

Accordingly, the Court rules that plaintiff has five "strikes" against him pursuant to 28 U.S.C. § 1915(g) and, therefore, denies plaintiff permission to proceed in forma pauperis under §

2

1915(g), and dismisses the instant complaint, without prejudice, on this basis.

Further, the Court directs plaintiff to attach a copy of this Order to any Complaint and/or petition that he may hereafter submit to this Court or any other federal court.

Nothing in this Order shall preclude plaintiff from paying the full filing fee to bring a new civil action in this Court or in any other federal court. However, although § 1915(g) does not preclude plaintiff from filing future civil actions upon full payment of the requisite filing fee, plaintiff is warned that a person who files fee-paid civil actions that are dismissed for the reasons specified in § 1915(g) may be barred from filing *any future action* without first obtaining leave of Court, pursuant to the Court's powers under 28 U.S.C. § 1651(a).  See  MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); In re Hartford Textile Corp., 613 F.2d 388, 390-91 (2d Cir. 1979) (per curiam).

The Court certifies that any appeal from this Order would not be taken in good faith, as petitioner's claim lacks any arguable basis in law or fact, and therefore permission to proceed in forma pauperis on any such appeal is denied.  See 28 U.S.C. § 1915(a)(3); see also Seimon v. Emigrant Savs. Bank (In re Seimon), 421 F.3d 167, 169 (2d Cir. 2005).  Clerk to enter judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 25, 2008

3